## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **ENCOMPASS INDEMNITY** | ) | |
| **COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  3:18-cv-44-CSC** |
| **v.** | ) | |
| | ) | |
| **ZUBIN SARKARI, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM BRIEF

**Defendants Zubin Sarkari** and **Abhiprai Gulati**, by and through their undersigned attorneys, file this Memorandum Brief in support of their Response to Plaintiff's Motion for Summary Judgment and state the following:

## INTRODUCTION

This matter comes before the Court pursuant to **Plaintiff Encompass Indemnity Company**'s Motion for Summary Judgment. This case is based on a declaratory judgment action and counterclaim for uninsured motorist benefits stemming from a motorcycle crash **Defendants** were involved in on July 15, 2017. **Defendants** were at a gathering at the home of Manraj "Patrick" Sidhu who owned the covered 2017 Harley Davidson motorcycle. Sidhu gave permission for **Sarkari** to drive the motorcycle, which was run off the private residential road by a car and

1

hit a tree. Both **Defendants** were severely injured and required surgical intervention. **Plaintiff** seeks summary judgment based on theories that **Defendants** did not reasonably believe they had the right to drive the motorcycle and that **Defendants** were contributorily negligent *per se*.

## STATEMENT OF UNDISPUTED FACTS

1.    **Defendants** have known the owner of the vehicle, Manraj "Patrick" Sidhu, as friends as far back as 2011 or 2012. *See* Plaintiff's Brief at 5.

2.    **Sarkari** first rode one of Sidhu's motorcycles in 2012. Id.

3.    On July 15, 2017, Sidhu and his wife invited a group of friends and acquaintances to their lake home in Alexander City for one of their frequent parties. Id.

4.    The Sarkari family and the Gulati family arrived at the Sidhu lake home at approximately 11:00 A.M. Id.

5.    As they arrived, Sidhu was returning from a ride on his new Harley Davidson motorcycle. When he rode onto his lower driveway, **Sarkari** and others approached to look more closely at the new motorcycle Sidhu was showing off. They discussed the new motorcycle and some of Sidhu's guests posed for photographs with it. Id.

6.     Sidhu asked **Sarkari** if he ever rode a Harley Davidson before and then allowed him to drive the motorcycle. *See* Plaintiff's Brief at 6. However, several guests took the motorcycle for a "spin." Exhibit A- Depo. Sarkari, p. 22:13-17.

7.     After the last friend brought the motorcycle back from his ride, it was placed back in the garage and the garage door was closed. *See* Plaintiff's Brief at 6; Exhibit A- Depo. Sarkari, p. 22:18.

8.     **Plaintiff** correctly states that Sidhu then went to the lakeside with **Defendants** and other guests. They took boat rides and snacked on food for several hours. *See* Plaintiff's Brief at 6.

9.     Later in the afternoon when the group came back from the boat ride, **Sarkari** asked if he could take the motorcycle for another "spin." *See* Plaintiff's Brief at 6-7; Exhibit A- Depo. Sarkari, p. 62:10-17.

10.    Sidhu agreed to let him take the motorcycle and told **Sarkari** where the keys to the motorcycle were inside a drawer. **Sarkari** was having trouble finding the keys, so Sidhu came over to show him where the keys were, then handed them to **Sarkari**. Exhibit A- Depo. Sarkari, p. 62:19-22.

11.    **Sarkari** left the house and took a "short spin in the community" with his ten-year-old son on the back of the motorcycle. *See* Plaintiff's Brief at 7. **Sarkari** planned on taking his daughter for a ride when he returned to the house. Exhibit A- Depo. Sarkari, p.23:7-9.

12.    When he returned to the house, **Gulati** got on the back of the bike for a short ride before **Sarkari**'s daughter. *See* Plaintiff's Brief at 7; Exhibit A- Depo. Sarkari, p. 23:9-12.

13.    While there is no direct evidence that **Sarkari** obtained specific permission to take **Gulati** for a ride, **Sarkari** had a reasonable belief that he was allowed to drive the motorcycle throughout the gated community with a passenger, as Sidhu had allowed. *See* Plaintiff's Brief at 7.

14.    **Sarkari** was driving the motorcycle on the private residential roads of the gated community at around 30 miles per hour. *See* Plaintiff's Brief at 8; Exhibit A- Depo. Sarkari, pp. 23:15-24:1.

15.    **Sarkari** was driving back toward Sidhu's house and was approaching a curve when he saw an oncoming car in his lane no more than 50 feet away. *See* Plaintiff's Brief at 8.

16.    **Sarkari** swerved to avoid the collision and ran off the road. *See* Plaintiff's Brief at 8.

17.    Both **Defendants** were thrown from the bike. *See* Plaintiff's Brief at 8.

18.    **Plaintiff** correctly states that neither of **Defendants** were wearing helmets as Sidhu did not even have a helmet at his home for himself or anyone else to wear. Exhibit B- Depo. Sidhu, p. 40:15-19.

19.     **Sarkari** sustained a head injury and his wrist was shattered from the crash. *See* Plaintiff's Brief at 8; Exhibit A- Depo. Sarkari, p. 72:12.

20.     **Gulati** suffered a broken left femur, a fracture of his L2 vertebrae, and a broken wrist. Exhibit C- Depo. Gulati, p. 48: 13-17.

21.     **Defendants** made a claim for uninsured motorist benefits under the policy of insurance that covered the motorcycle which was serviced by **Plaintiff**. *See* Plaintiff's Brief at 10-11.

22.     **Plaintiff** seeks summary judgment and permission from this Court to deny coverage based on an entitlement provision of the policy that requires a driver have a reasonable belief that he or she is entitled to drive the covered vehicle. *See* Plaintiff's Brief at 11-12.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party has the burden of showing the absence of any fact that reasonable minds might differ in interpreting, and if it is unable to prove that, the court must deny summary judgment. Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992). The

United States Supreme Court has stated that the issue before any court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury[...]" Anderson v. Livery Lobby, Inc., 477 U.S. 242, 251-252 (1986). The Court insists that "[t]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in [their] favor." A summary judgment motion is only due to be granted if the combined evidentiary showings before the court present no genuine issue of material fact to be decided. Fed. R. Civ. P. 56.

**Plaintiff** has not met its burden of proving that no issue of material fact exists in this case, or that it is entitled to a judgment as a matter of law. Furthermore, **Defendants** have presented substantial direct evidence to support their positions. The remaining issues are exclusively question of fact within the province of a struck jury's determination.

## ARGUMENT

### I. Summary judgment is due to be denied because the ample direct evidence could be interpreted by a jury to extend coverage to Defendants

In its Motion for Summary Judgment and supporting documents, **Plaintiff** argues that it is entitled to deny uninsured motorist coverage to **Defendants** as a matter of law based on its assertions that an exclusion in the policy's definition of "covered persons" applies. However, courts have determined that this is a question

squarely within the province of the jury. Therefore, summary judgment should be denied.

## A. Any exclusion must be strictly interpreted and narrowly applied so as to be as inclusive as possible

Alabama courts have long held that "insurance contracts are to be strictly construed against the insurer and liberally in favor of the insured." Ex parte Clarke, 728 So. 2d 135, 141 (Ala. 1998). An insurer may not limit the applicability of uninsured motorist protection under Alabama law. Hall v. State Farm Mut. Auto. Ins. Co., 514 So. 2d 853, 854-855 (Ala. 1987). Any ambiguous provisions must be decided in favor of the insured. Id. at 856. Exceptions or exclusions to coverage "must be interpreted as narrowly as possible in order to provide maximum coverage [to] the insured." Id. at 856-857. As **Plaintiff** stated in its brief, the insurer bears the burden of proving the applicability of any such exclusion. *See* Plaintiff's Brief at 12; Acceptance Ins. Co. v. Brown, 832 So.2d 1,12 (Ala. 2001)

This Court found that this strict interpretation is especially important for cases where lack of permission invalidates coverage in declaratory judgment actions. *See* Allstate Ins. Co. v. Brantley, 867 F. Supp. 1004 (M.D. Ala. 1994). If the provision is strictly interpreted in this case as Alabama law requires, then coverage should be limited only in the most extreme circumstances. Because **Plaintiff** does not have substantial evidence that **Sarkari** and **Gulati** would not meet the definition of

"covered persons," coverage should be left for a jury's assessment and **Plaintiff's**

motion should be **DENIED.**

B. **Plaintiff is not entitled to summary judgment because the policy exclusion *does not require permission* but the driver's *reasonable belief* that he has the right to drive the motorcycle.**

Plaintiff's brief indicates that actual permission from the owner of the vehicle

is required. However, the plain language of the policy *does not require permission*.

As this Court has stated, in order to "determine the scope of the insurance coverage,

the court must first look at the language of the policy itself." Nationwide Mut. Ins.

Co. v. Shanklin, 197 F. Supp. 2d 1338, 1341 (M.D. Ala. 2002). **Plaintiff** seek to

utilize the following exclusion language to invalidate coverage for **Defendants**:

> **EXCLUSIONS**
> **A.** We do not provide **Uninsured Motorists Coverage**  for *bodily injury* sustained by any *covered person*:
> > **3.** Using a vehicle without a reasonable belief that that *covered person* is entitled to do so [...]

> Exhibit D- Uninsured Motorists Coverage- Alabama (Combined Single Limits) at 2 (emphasis in original).

The Eleventh Circuit had an opportunity to extensively discuss this type of

policy language in its decision in Cooper v. State Farm Mut. Auto. Ins. Co. 849 F.2d

496 (1988). In that case, the court considered this exact language in a policy. Id. The

court termed this type of exclusionary provision as an "entitlement clause" and

8

discussed that differs substantially from the normal "permissive use" clauses found

in insurance policies. Id. at 500.

> The clause at issue here is different from the old permissive use clauses. The permissive use clauses focused on the owner's perspective. Specifically, the inquiry centered on whether the owner had expressly or impliedly given permission to the user. The entitlement clause reverses the inquiry. It focuses on how the situation appeared to the user of the automobile. Thus, this issue is not controlled by [...] cases [determined] by the old permissive use clauses.

> Cooper at 499-500.

In Cooper, the court considered the case of a fourteen year-old girl without a

driver's license who could have reasonably believed she was given permission to

drive the insured vehicle. Although she was not a licensed driver and had no legal

right nor any expectation of a legal right to be on the roadway, the court overturned

the trial court's decision to grant summary judgment in favor of the insurer. The

court determined that whether the girl had a "reasonable belief" that she was entitled

to drive was solely for the jury to decide. Cooper at 500-501.

The Eleventh Circuit stated that in order to show a "reasonable belief" of

entitlement to utilize a vehicle, a driver must show "that he had a reasonable belief

that he had permission of the owner" to drive the car. Cooper at 499-500. Although

there was ample evidence that the jury may have considered to find that the driver's

belief was not reasonable, there was also evidence that her belief was reasonable.

Because a genuine issue of material fact that turned on the driver's mindset existed, the court determined that summary judgment was not appropriate. Id.

In this case, **Sarkari** maintains that he believed Sidhu had given him permission to use the motorcycle at that time based on the conversations he had with Sidhu.

A:   I had his permission, that is correct.

Q:   Did he tell you you could take it out whenever you wanted to?

A:   Whenever I – no. I ask him at that specific point that I'm going to take it for a spin.

Exhibit A- Depo. Sarkari, pp. 63:20-23; 64:1-6.

Q:   When he gave you permission, did he say – what exactly did he say to you when he said you could drive the bike?

A:   What exactly? He said sure.

Exhibit A- Depo. Sarkari, p. 62:10-13.

**Sarkari** believed he had permission based on Sidhu explicitly stating that he could take the motorcycle for a ride in the residential community. While the policy language ***does not require permission***, **Sarkari** was given express permission to ride the motorcycle. **Plaintiff** even agrees that Sidhu gave permission for **Sarkari** to use the bike. *See* Plaintiff's Brief at 7-8. If anything, it is clear as a matter of law, that

express permission certainly justifies a "reasonable belief" of the right to utilize a covered vehicle.

**Plaintiff** argues to this Court that the express permission **Sarkari** received did not extend to give him permission to take **Gulati** for a ride. Whether a person's belief is reasonable or not is a jury question in Alabama, absent substantial evidence of specific exclusions given or actual knowledge that the actions would constitute a use not approved by the owner. *See* Plowman v. Aetna Casualty & Sur. Co., 623 So. 2d 1103 (Ala. 1993); Dairyland Ins. Co. v. General Acci. Ins. Co., 435 So. 2d 1263 (Ala. 1983); Alfa Mut. Ins. Co. v. Small, 829 So. 2d 743 (Ala. 2002). Because **Sarkari** did not receive any sort of explicit instructions not to let any other passenger other than **Sarkari**'s children ride on the bike, it is reasonable for **Sarkari** to believe it was permissible for him to drive the motorcycle with **Gulati** as a passenger. Alabama law also does not allow for an *ex post facto* statement like Sidhu's insistence that **Sarkari** and **Gulati** did not have permission cannot serve as the basis of ratification or invalidation of insurance coverage. *See* Pettis v. State Farm Mut. Auto. Ins. Co., 239 So. 2d 772 (Ala. 1970).

As is to be expected, **Plaintiff** and **Defendants** disagree on the crucial facts of this case. These genuine issues of material fact alone are enough to send the questions to the jury and to defeat summary judgment. Beyond that, deposition testimony is the main source of evidence in this case. Because crucial facts are in

controversy, the jury's determination of witness credibility is essential for a fair evaluation of the facts. The case is not fit to be decided on summary judgment.

The jury can consider several factors to determine whether a person has a good-faith belief that he has permission to drive a vehicle, including whether the person got express permission, if the person exceeded the permission granted, and his relationship with the owner of the vehicle. Geico Gen. Ins. Co. v. Berguiristain, 707 Fed. Appx. 662, 666 (11th Cir. 2017). The determination whether **Sarkari** subjectively believed he had permission "turn[s] on his credibility, and that issue was for the jury to decide." Id. at 667.

Therefore, when the facts, evidence, and information are evaluated under the Rule 56 standard (in the light most favorable to **Defendants**), **Plaintiff**'s Motion for Summary Judgment is due to be **DENIED** as genuine issues of material fact exist that must be determined by a jury in this matter.

## II. Proximate cause is a question of fact for the jury, thereby creating a genuine issue of material fact unfit for disposal on summary judgment.

**Plaintiff** argues that it is entitled to summary judgment based on the defense of contributory negligence. However, the only evidence available suggests that a phantom vehicle, not speed or lack of safety equipment, proximately caused this crash and led to **Sarkari** and **Gulati**'s devastating injuries. Because **Plantiff** failed

to offer any evidence that **Sarkari**'s actions contributed to this crash in any way, **Plaintiff**'s motion based on contributory negligence is due to be **DENIED**.

## A. Plaintiff is not entitled to summary judgment because there is no evidence that Defendants' speed was a proximate cause of the crash

**Sarkari** testified that the crash was caused by a dark-colored sedan driving in his lane, which caused him to swerve right to avoid a head-on collision and led to the crash. Exhibit A- Depo. Sarkari, pp. 25:1-23, 26:1-7. There has been no evidence presented that this vehicle <u>was not</u> the proximate cause of the crash and **Defendants'** devastating injuries.

**Plaintiff** contends that **Sarkari**'s speed of 30 miles per hour makes him contributorily negligent as a matter of law. *See* **Plaintiff**'s Brief at 18. While **Sarkari** testified that he was going 30 miles per hour, there has been no evidence presented nor testimony given that **Sarkari**'s speed was the proximate cause of the crash in this case. Exhibit A- Depo. Sarkari, p. 28:2. Furthermore, residential speed limits are not enforceable under the color of Alabama law. *See* Ala. Code § 32-5A-2 (1975); Exhibit A- Depo. Sarkari p. 24:16-18.

A party whose contributory negligence proximately caused to his or her injury is completely barred from recovering. <u>Phillips v. Seward</u>, 51 So. 3d 1019 (Ala. 2010). Under Alabama law, "[t]he question of proximate cause is almost always a question of fact to be determined by the jury." <u>Marshall Cty. v. Uptain</u>, 409 So. 2d

423, 425 (Ala. 1981). *See* Roberts v. Meeks, 397 So.2d 111 (Ala.1981); Lawson v. General Telephone Co. of Alabama, 289 Ala. 283, 267 So.2d 132 (1972). The question must go to the jury if reasonable inferences from the evidence support the theory of the complaint. Lawson v. General Telephone Co. of Alabama, 289 Ala. 283, 267 So.2d 132 (1972); Union Central Life Insurance Co. v. Scott, 286 Ala. 10, 236 So.2d 328 (1970). Based on clearly settled Alabama law, the question of proximate cause of the crash, whether it be the recklessly-driving sedan which is supported by direct testimony or **Defendant**'s speed, is a question for the jury's consideration.

Alabama case law is extremely clear that proximate cause issues are only for a jury to determine. There has been no evidence presented that anything other than a phantom vehicle caused this collision. Therefore, **Plaintiff**'s Motion for Summary Judgment based on contributory negligence is due to be **DENIED** as genuine issues of material fact exist that must be determined by a jury in this matter.

**B. Plaintiff is not entitled to summary judgment because safety equipment was not required by Alabama law in the present case**

**Plaintiff** has also alleged that not wearing helmets makes **Sarkari** contributorily negligent as a matter of law. *See* Plaintiff's Brief at 20. **Plaintiff** cites a 2015 Alabama Supreme Court case in which a road worker walked onto a roadway while not wearing a safety vest which *caused* a vehicle crash. There has been no

evidence presented nor any testimony given that cites the lack of helmets as *causing* this crash. Alabama law is clear that not utilizing safety equipment goes to the mitigation of damages, not proximate cause. <u>Britton v. Doehring</u>, 286 Ala. 498, 242 So.2d 666 (Ala. 1970).

**Plaintiff** also cites Ala. Code § 32-5A-245 as making it illegal to ride a motorcycle without a helmet. However, this regulation only applies on public highways and roadways in the state, not to private residential community roadways such as the one **Defendants** were traveling on that day. Ala. Code § 32-5A-2 (1975); *see* Exhibit A- Depo. Sarkari p. 24:16-18.

Therefore, when the facts, evidence, information, and accurate applications of law are evaluated under the Rule 56 standard (in the light most favorable to **Defendants**), **Plaintiff**'s Motion for Summary Judgment is due to be **DENIED** as genuine issues of material fact exist that must be determined by a jury in this matter.

## CONCLUSION

**Plaintiff**'s Motion for Summary Judgment is due to be denied based on the following reasons:

I.     **Plaintiff**'s arguments that **Sarkari** did not have permission to drive the motorcycle under the contract of insurance have failed;

II.    The question of whether **Sarkari** reasonably believed he had permission to drive the motorcycle is a fact determination for the jury ; and

III.   Alabama law clearly states that proximate cause and contributory negligence are questions of fact reserved for determination by a jury.

WHEREFORE, all premises considered, **Defendants** pray this Honorable Court will **DENY Plaintiff**'s Motion for Summary Judgment and allow for this matter to proceed to trial.

Respectfully submitted this 7th day of February 2019.

/s/ Sara L. Williams
Sara L. Williams (ASB-
Johnna K. Ingalls (ASB-9153-A76G)
Attorneys for Defendants
**SHUNNARAH PERSONAL INJURY LAWYERS, P.C.**
3626 Clairmont Avenue South
Birmingham, Alabama 35222
(205) 983-8140 Phone • (205) 983-8440 Fax
swilliams@asilpc.com
jingalls@asilpc.com

17

# CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing filing upon the following by electronic notice and/or mailing the same by United States Mail properly addressed and first class postage prepaid:

F. Lane Finch, Jr., Esq.
Brian C. Richardson, Esq.
Murray S. Flint, Esq.
**SWIFT, CURRIE, MCGHEE, & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, Alabama 35203
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com
murray.flint@swiftcurrie.com
*Attorneys for Plaintiff Encompass Indemnity Company*


/s/ *Sara L. Williams*
Sara L. Williams
Johnna K. Ingalls